UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GAIA GARDENS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MONTCLAIR,<br><br>Defendant. | Civil Action No. 23-20733<br><br>Hon. Julien Xavier Neals, U.S.D.J.<br><br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>**OPINION** |

**CATHY L. WALDOR, U.S.M.J.**

Before the Court is Plaintiffs' Motion to Amend the Complaint and Defendant's Cross-Motion for Attorney's Fees. (ECF Nos. 48 & 50). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court jointly addresses the parties' respective motions and without oral argument. Upon careful consideration of the record for this matter, and for the reasons discussed herein, Plaintiffs' Motion is **GRANTED** and Defendant's Cross-Motion is **DENIED**.

I.  **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

The Court presumes the parties' familiarity with the facts and procedural history underlying this matter and therefore will not recite them at length. On September 28, 2023, Plaintiffs Gaia Gardens LLC, Peter Paul Landscapers LLC, Al Greig Masonry, LLC Caruso Property Services, LLC, James Dyer Landscaping, LLC, E.C.M. Landscaping, Inc., Holmes Landscape, Inc., O. Mira Landscaping & Design LLC, Pilgrim Pruning LLC, R & J Land Care LLC, Simon J. Hamill, LLC, Jospeh Bocchiaro d/b/a Bocchiaro Landscaping, Bob Fredette d/b/a

Fredette Landscaping, Pasquale Gangala d/b/a Gangala Landscaping, John Michura d/b/a JD Lawncare, Lou Stancato d/b/a/Stancato Landscaping, Robert Golden and Riccardo Mancuso (collectively, "Plaintiffs") filed a Complaint and an Order to Show Cause to secure a Preliminary Injunction.  (Complaint, ECF No. 1; Order to Show Cause, ECF No. 2).  In their Complaint, Plaintiffs allege that Defendant Township of Montclair's ("Montclair") ordinance banning the use of leaf blowers violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Article I of the New Jersey Constitution, the Supremacy Clause of Article VI, Section 2 of the United States Constitution, the Takings Clause of Article V of the United States Constitution, the Takings Clause of Article I, Section 20 of the New Jersey Constitution, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c).  (*See generally*, Complaint, ECF No. 1).

From October 2023 to January 2025, the parties litigated the Preliminary Injunction in this Court and on appeal to the Third Circuit Court of Appeals.  (ECF Nos. 3–38).  During this time, Plaintiffs' counsel passed away and Plaintiffs retained new counsel at the end of March 2025.  (ECF Nos. 36, 39–41, 44).  On May 23, 2025, Plaintiffs' new counsel represented that the parties agreed to the filing of an Amended Complaint.  (ECF No. 47).  However, the parties reached an impasse with respect to the agreement, and Plaintiffs filed the present Motion to Amend the Complaint on June 4, 2025.  (ECF No. 48).

Plaintiffs proposed amendments remove the following Plaintiffs from this action:  (1) Peter Paul Landscapers LLC, (2) Al Greig Masonry, LLC Caruso Property Services, LLC, (3) James Dyer Landscaping, LLC, (4) E.C.M. Landscaping, Inc., (5) Holmes Landscape, Inc., (6) O. Mira Landscaping & Design LLC, (7) Pilgrim Pruning LLC, (8) Simon J. Hamill, LLC, (9) Jospeh Bocchiaro d/b/a Bocchiaro Landscaping, (10) Pasquale Gangala d/b/a Gangala Landscaping, (11) John Michura d/b/a JD Lawncare, (12) Lou Stancato d/b/a/Stancato Landscaping, and (13) Robert

Golden (collectively, "Withdrawing Plaintiffs"). (Proposed Amended Complaint, ECF No. 48-2). As such, only Plaintiffs Gaia Gardens, LLC, R&J Land Care, LLC, Bob Fredette d/b/a Fredette Landscaping, and Riccardo Mancuso remain active. (*Id*.). Plaintiffs additionally seek leave to remove all causes of action except for the alleged violation of the Supremacy Clause of Article VI, Section 2 of the United States Constitution, and alter the pleadings to include or remove factual and legal allegations to bolster and clarify their preemption claim. (*Id*.).

Montclair opposes Plaintiffs' application to remove the Withdrawing Plaintiffs and the delete certain claims without prejudice. (Df. Opp. Brief at 6, ECF No. 49). Montclair contends that Court should construe Plaintiffs' Motion to Amend as a Motion for Voluntary Dismissal under Rule 41(a)(2). (*Id*. at 8–9). Montclair seeks this Court to dismiss the Withdrawing Plaintiffs and removed claims with prejudice, or in the alternative, Plaintiffs should be required to pay attorneys' fees in connection with the almost two years of litigation related to the adjudication and subsequent appeal of the Preliminary Injunction. (*Id*. at 8–12; *see also* ECF No. 50-2).[1]

Montclair additionally opposes Plaintiffs' Motion to Amend for undue delay and prejudice because the parties experienced nearly two years of extensive litigation on the Preliminary Injunction, and Plaintiffs were not successful on establishing the likelihood of success on the merits on any of their original claims. (Df. Opp. at 6–10, ECF No. 49). Montclair contests the propriety of Plaintiffs' proposed amendments because Plaintiffs' Amended Complaint seeks to include legislative history and caselaw interpreting the Clean Air Act 42 U.S.C. § 7401, *et seq*. (*Id*. at 11–12). Montclair finally avers that Plaintiffs' proposed amendments referring to ambiguous declarations setting forth the facts undergirding the Amended Complaint are inappropriate for pleadings. (*Id*. at 12–13).

---

[1] Montclair's Brief in Opposition to Plaintiffs' Motion to Amend is identical to Montclair's Brief in Support of its Cross-Motion for Attorneys' Fees. As such, the citations to ECF No. 49 apply equally to ECF No. 50-2.

In reply, Plaintiffs contend that Montclair does not assert any reason to deny Plaintiffs the opportunity to amend the Complaint pursuant to Rule 15, and that the referenced citations and factual affidavits help Plaintiffs clarify and paint a colorable claim as to the only remaining cause of action left. (Plfs. Brief in Reply and Opposition to Attorneys' Fees, at 2–6, 7–8, ECF No. 52). Plaintiffs also assert that Rule 41 dismissal is not the proper vehicle to remove certain claims from the Complaint because Rule 41 pertains to actions, as opposed to counts of a Complaint. (*Id*. at 6). Finally, Plaintiffs assert that attorneys' fees are inappropriate under the circumstances because Rule 41 does not require attorneys' fees, and Defendants cannot seek attorneys' fees for the time spent—i.e., "undue delay"—litigating the Preliminary Injunction. (*Id*. at 8–10).

## II. <u>LEGAL ANALYSIS</u>

### A. <u>Dismissal Under Rule 41</u>

Rule 41 of the Federal Rules of Civil Procedure offer three avenues for voluntary dismissal. Under Rule 41(a)(1), "the plaintiff may dismiss an action without a court order by filing" either a "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or a stipulation of dismissal. Fed R. Civ. Pr. 41(a)(1)(A). In all other circumstances not meeting the criteria of Rule 41(a)(1)(A), a plaintiff must seek a court order to voluntarily dismiss an action "on terms the court considers proper." Fed. R. Civ. Pr. 41(a)(2). Under both subsections of Rule 41(a), the dismissal is without prejudice unless stated otherwise. Fed R. Civ. Pr. 41(a)(1)(B), (a)(2).

The Third Circuit has noted "three key aspects" of a voluntary dismissal under Rule 41(a)(1)(A)(i):

> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise),

> as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

*In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Accordingly, before a defendant files an answer or motion for summary judgment, a plaintiff may withdraw an action voluntarily at any point. *See Curran v. Mark Zinnamosca & Assocs.*, No. 12-0750, 2015 WL 136320 at *2 (M.D. Pa. Jan. 8, 2015) ("While this is technically the 'early stages' of the litigation because no answer has yet been filed, the case has nevertheless been pending since April 2012, and [ ] Defendants have defended themselves through multiple motions to dismiss. However, despite the considerable delay in this case . . . Plaintiff's notice is timely; timeliness of a Rule 41(a)(1)(A)(i) notice is not measured in months or years."). In other words, until such time, "dismissal is automatic and immediate—the right of a plaintiff is 'unfettered,' . . . [and] invites no response from the district court and permits no interference by it." *In re Bath & Kitchen*, 535 F.3d at 165 (first citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1966); and then citing *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545, 547–48 (4th Cir. 1993)).

Alternatively, a plaintiff's motion for voluntary dismissal under Rule 41(a)(2) is granted liberally and in the Courts' discretion. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d. Cir. 1990); *Estate of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 285 (3d. Cir. 2017). "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *In re Paoli R.R.*, 916 F.2d at 863 (citing 5 J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41–62 (1988)).

### i. Dropping Particular Claims Under Rule 41

Rule 41(a) provides a plaintiff with a vehicle to dismiss "*an entire case* against some or all defendants (with or without leave of court), but not for dismissal of *some but not all counts* against a particular defendant." *Pagan v. Rivera*, No. 19-7176, 2022 WL 2193491, at *1 (D.N.J. June 17, 2022) (emphases added); *see also Baily v. Shell Western E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *Smith Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24 (E.D. Pa. 1973); *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 224 F.R.D. 601, 605 (E.D. Pa. 2004); *United States v. Kushner*, No. 17-2372, 2018 WL 2230552, at *1 (D.N.J. May 15, 2018). Because Plaintiffs seek to drop certain claims from their Complaint, and not dismiss the entire action, Plaintiffs' proposed amendments to drop such claims will be scrutinized under Rule 15.

### ii. Dropping Plaintiffs Under Rule 41

Rule 41(a)'s applicability is less clear when some plaintiffs, but not all, voluntarily withdraw from an action. In *Young v. Wilky Carrier Corporation*, the Third Circuit affirmed the District Court's entry of voluntary dismissal as to one of two defendants prior to trial under Rule 41(a)(2) for plaintiffs' negligence action. 150 F.2d 764, 764 (3d. Cir. 1945). And at least one court in this Circuit construed a plaintiffs' motion to amend under Rule 15 as a motion to voluntarily dismiss under Rule 41(a)(2) to the extent the plaintiffs sought to drop a single plaintiff and some defendants, but not all, after defendants asserted their sovereign immunity defenses. *See DeGroat v. Rickard*, No. 16-01186, 2018 WL 8756047, at *2 (M.D. Pa. Dec. 9, 2018). Similarly, another court addressed the same issue faced by this Court—whether notice of dismissal by some, but less than all, plaintiffs was proper under Rule 41(a)(1). *See Miller v. Stewart*, 43 F.R.D. 409, 411 (E.D. Ill. 1967). The *Miller* court explained that if each plaintiff had filed separate actions against the

defendants, then subsequently filed notices to dismiss under Rule 41(a)(1) prior to defendants' filing of an answer, then there would be "no question" that "dismissal would have been effected upon the filing of the notice." *Id*. at 412–13; *accord Dorn v. Vivint, Inc.*, 719 F. Supp. 3d 1223, 1226 (M.D. Ala. 2024) ("If, in a multidefendant lawsuit, all of a plaintiff's claims against a particular defendant can be considered 'an action,' though the same plaintiff's claims remain pending against other defendants, then surely all of a plaintiff's claims in a multiplaintiff suit against a defendant can likewise be considered 'an action' under Rule 41(a)."); *cf. Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) ("When there are several plaintiffs in a single suit and one is dismissed out, whether under Rule 21 or any other rule or doctrine, it is as if he had brought a separate suit that was dismissed."). Insofar as the Third Circuit has affirmed the use of Rule 41 to drop a party from a case, this Court will follow suit. With respect to the more precise issue of dropping multiple, but not all, plaintiffs, the reasoning from our sister courts is persuasive.

The Court thus construes Plaintiffs' Rule 15 application removing the Withdrawing Plaintiffs from this action as notice made under Rule 41(a)(1)(A)(i). A motion under Rule 41(a)(2) is inapplicable here because Montclair has not filed an answer. *In re Bath & Kitchen*, 535 F.3d at 165 ("[U]ntil such time a defendant files an answer, dismissal is automatic and immediate—the right of a plaintiff is unfettered [ ][and] invites no response from the district court and permits no interference by it." (cleaned up)). Consequently, the Court accepts the Withdrawing Plaintiffs' notice to voluntarily dismiss their suit against Montclair under Rule 41(a)(1)(A)(i) without prejudice and with no conditions imposed by this Court.[2]

---

[2] Montclair's brief asserts that "Plaintiffs made some changes to the proposed amended complaint to address the issues raised and agreed to dismiss with prejudice all of the claims being dismissed by the remaining Plaintiffs and all the claims of the removed Plaintiffs (and even provided a proposed order dismissing those claims with prejudice)." (Df. Opp. at 5, ECF No. 49). Montclair does not attach any exhibit to substantiate the assertion that Plaintiffs intended to seek a dismissal with prejudice for the Withdrawing Plaintiffs or the deleted claims. Accordingly, because there are no supporting exhibits indicating Plaintiffs' intent to voluntarily dismiss with prejudice, the Court adheres to the plain text of Rule 41(a)(1)(B). Furthermore, this representation makes clear that Montclair could have stipulated to the

The Court acknowledges Montclair's efforts and the attorneys' fees incurred by way of adjudicating the Preliminary Injunction in this Court and on appeal. While the Third Circuit permits the District Court to exercise a supervisory capacity to enter an award of attorneys' fees after a Rule 41(a)(1) dismissal, *id*. at 165 n.8, Montclair presents no basis—equitable, statutory, or otherwise—to warrant the imposition of fees beyond the fact that it spent significant time adjudicating the Preliminary Injunction. The Court "cannot square the idea of awarding fees under Rule 41 with its finding that it lacks the authority to set conditions on Plaintiffs' voluntary dismissal." *Alboycian v. BP Products N. Am. Inc.*, No. 9-5143, 2012 WL 3862549, at *2 (D.N.J. Sept. 5, 2012). Montclair cites no authority to support its position. Consequently, Montclair's Cross-Motion for Attorneys' Fees is denied.

## B. Plaintiffs' Motion to Amend the Complaint

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. If a party does not amend its pleadings as a matter of course pursuant to Rule 15(a)(1), then the party may amend its pleadings with consent of the adversary or with leave of the Court. Fed. R. Civ. P. 15(a)(2). Courts shall "freely give leave to amend when justice so requires." *Id*. Amending the complaint under Rule 15(a) "enable[s] a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint" and permits a party to "set forth additional events that occurred before the original complaint was filed." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).

The Third Circuit adopted a liberal approach to amending the pleadings. *Long v. Wilson*, 393 F. 3d 390, 400 (3d. Cir. 2004). The Court may exercise its discretion under Rule 15 to deny leave to amend the complaint due to futility of the amendment, a party's undue delay, prejudice to

---

dismissal of the Withdrawing Plaintiffs and removed claims with prejudice pursuant to Rule 41(a)(1)(A)(ii). It did not, and instead relied on this Court to impose such conditions, which this Court cannot do.

the non-moving party, or bad faith. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The determination of a motion to amend the pleadings is an exercise of the Court's discretion. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). Montclair's opposition focuses on undue delay and prejudice.[3] Accordingly, the Court finds that Plaintiffs' application is not futile, nor is it a product of bad faith.

The Third Circuit explained that "[d]elay alone is an insufficient ground to deny leave to amend." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Undue delay is one "that is protracted and unjustified," and that "indicate[s] a lack of diligence sufficient to justify discretional denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d. Cir. 2017). The Court does not find Plaintiffs' application to be made after undue delay. Indeed, the record makes clear that during the pendency of the appeal of the Preliminary Injunction, Plaintiffs' counsel passed away. Plaintiffs acquired new counsel shortly thereafter, and the parties were in discussions regarding next steps in this matter. Although adjudication of the Preliminary Injunction took a substantial amount of time, neither party could control such delay. Further, even though this case commenced in September 2023, it is in its infancy. The Court finds no delay warranting denial of leave to file an Amended Complaint.

"[P]rejudice to the non-moving party is the 'touchstone for the denial of an amendment.'" *Arthur*, 434 F.3d at 204 (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). Prejudice is demonstrated if amending the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *accord Long*,

---

[3] To the extent Montclair argues that the proposed amendments be denied because the amendments include case citations and vague declarations, the Court does not agree. As to the appropriateness of including case citations in the Amended Complaint, Montclair cites inapplicable case law where pro se litigants submitted pleadings riddled with case citations and incoherent allegations. Equally, the Court's review of the Amended Complaint does not lead to the conclusion that the pleadings are so vague such that Montclair cannot respond under Rule 8(b).

9

393 F.3d at 400. Plaintiffs seek to delete multiple counts from the initial pleadings, leaving only one active cause of action. In doing so, Plaintiffs narrow the scope of this litigation extensively. No discovery has been conducted at this time, and therefore, Montclair will not incur additional discovery or costs. And as Montclair represented, it has already addressed its position on the merits of the preemption issue, (Df. Opp. at 7, ECF No. 49). Consequently, the Court does not find that Montclair will have to defend against any new theories. On balance, the Court discerns no prejudice to Montclair if Plaintiffs amend their pleadings.

The Court concludes that Montclair does not meet its burden in demonstrating undue delay or prejudice. Accordingly, the Court exercises its discretion to permit Plaintiffs to amend their complaint in the interests of justice.

### III.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Amend is **GRANTED**, and Defendant's Cross-Motion for Attorneys' Fees is **DENIED**. An appropriate order follows.


s/ Cathy L. Waldor
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**


Cc:   Hon. Julien Xavier Neals, U.S.D.J.